**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**HENRY J. CHOICE, et al.,**

      **Plaintiffs,**

**vs.**                        **Case No. 4:13cv48-MW/CAS**

**DALE EARNHARDT, JR.,
and BILL GATES,
and TED TURNER,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

On February 5, 2013, Plaintiff submitted a complaint, doc. 1, and a motion for leave to proceed in forma pauperis, doc. 2. The in forma pauperis motion is incomplete as Plaintiff did not answer all questions on the financial affidavit. Doc. 2. However, there is no need to delay ruling on an in forma pauperis motion when the complaint so clearly lacks merit. Thus, it is recommended that the in forma pauperis motion, doc. 2, be granted for the limited purpose of dismissal.

It is noted that just one week prior to initiating this case, Plaintiff initiated case number 4:13cv34-RH/CAS. In that case, Plaintiff stated that his address was in Tallahassee, Florida, although he listed one address on his in forma pauperis motion, doc. 2, and a different Tallahassee address in the complaint, doc. 1 of that case. In this

case, however, Plaintiff now provides an address for himself in Bainbridge, Georgia, on the complaint, doc. 1, and the purported address for Benjamin Netanyahu on the in forma pauperis motion, doc. 2 at 2.  It is not clear that Plaintiff will receive any orders from this Court.

Plaintiff's complaint purports to bring this action in his name and on behalf of the Prime Minister of Israel, Benjamin Netanyahu.  Doc. 1 at 1-2.  Plaintiff is apparently not an attorney and may not bring a case on behalf of other persons.  Moreover, the factual allegations are unintelligible, nonsensical, and lack a basis in reality.  Plaintiff alleges no facts which demonstrate the violation of a federal Constitutional right, nor does Plaintiff allege that he has been harmed in any way.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Federal law provides that a United States District Court may dismiss a case filed in forma pauperis, if the action is frivolous or malicious.  28 U.S.C. § 1915(e).  Among the cases which may be dismissed sua sponte pursuant to § 1915 are those "based on an indisputably meritless legal theory," and "those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  In the case at issue, it is clear that the allegations fall within the parameters of Neitzke and summary dismissal of this case is therefore appropriate. See Phillips v. Mashburn, 746 F.2d 782, 784 (11th Cir. 1984).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, doc. 2, be **GRANTED** for the limited purpose of dismissal, and Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on February 15, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**




## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**